In the Matter of the Estate of ELEANOR A. QUERIPEL, Deceased.

Surrogate's Court, New York County, October 15, 1928.

*Dean, King & Smith*, for the petitioner.

*Frank, Weil & Strouse*, for the respondent.

O'BRIEN, S. In this accounting proceeding two issues have been raised: (1) Was there a valid gift of $15,000 in bonds to Edna A. Bayne, and (2) were the proceeds of the sale of two of decedent's bonds, one of $1,000 and the other of $500, used by respondent Edna A. Bayne in the care and maintenance of deceased and in a proper reimbursement of respondent for expenses incurred by the care and attention paid to decedent by respondent? As to the first issue I hold that there was a valid gift made by decedent of $15,000

of bonds evidenced in writing by deceased dated *November 16, 1925*, and consummated on *November 23, 1925*, by the transfer in the records of the American Bond and Mortgage Company which had for some time held said bonds for safekeeping. *Decedent died January 18, 1927.* Over and above the bonds here involved she left upwards of $61,000. She was eighty-three years of age at the time of her death. She was unmarried and had no kin nearer in relationship than remote cousins. Petitioner, the executor of her estate, was one of these cousins as was the respondent. Decedent lived during all the period covered by the testimony at No. 411 Convent avenue while respondent and her family lived at West One Hundred and Sixtieth street and Fort Washington avenue. Decedent executed a will on May 27, 1919, in which she made various bequests to " cousins." Among these bequests were a bequest of her diamond ring and diamond bar pin and $1,000 to respondent, $1,000 to respondent's daughter and $500 each to respondent's two sons. In a codicil executed September 25, 1923, decedent increased the amount of the bequest to respondent by $5,000. It is unnecessary to narrate the facts and circumstances surrounding the gift in question. My finding is based upon the whole record of the trial but primarily upon the following: (1) The evidence in writing of decedent's desire to give the bonds in question. This writing is dated *November 16, 1925,* fourteen months prior to her death. The writing is concededly her handwriting and no contention has been made that she was not mentally able to know the nature and extent of her act. (*Matter of Cohn,* 187 App. Div. 392.) (2) The consummation of the gift by the change in the records of the American Bond and Mortgage Company whereby ownership in respondent was recorded. (3) The relationship of the parties to the alleged gift, the friendship and affection of decedent for respondent as evidenced by the provisions in decedent's will and codicil; the constant solicitude and service shown to decedent by respondent over a long period for many months of which respondent's visits and ministrations were daily. (4) On the other hand, the absence of any proof that any other of the cousins manifested any such solicitude or gave any such care and service with the possible exception of Mr. Glaentzer. (5) The two powers of attorney given to respondent by decedent and the confidence in respondent thereby evidenced. As to the second issue raised, I find that whatever may be the exact amounts expended by respondent in her care and ministration to decedent or the expense incurred in her own home by reason of her absence therefrom, the only satisfactory proof offered is the group of five checks of $28 each embodying payments to the nurse Martha Carroll. With

this exception the testimony deals with the essential details of such expenditures in only a general way. As an accounting of moneys spent in behalf of decedent the testimony is too unsatisfactory to warrant a finding in favor of respondent. With the exception, therefore, of said $140 paid Martha Carroll, respondent will be required to turn over to the executor the proceeds of said bonds of $1,000 and $500 respectively. Proceed accordingly.